IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WINSTON, | Civil No. 3:17-cv-1871 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN S. SPAUDLING, | |
| Respondent | |

**MEMORANDUM**

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner David Winston ("Winston"), an inmate confined at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania ("FCI-Allenwood"). Winston claims that the Bureau of Prisons ("BOP") miscalculated his federal sentence by failing to credit his sentence for educational good time credit. (*Id.*). For the reasons set forth below, the Court will deny the petition.

**I.     Background**

In the 1990s, Winston was part of a drug distribution conspiracy that operated out of a hotel in the District of Columbia. *See United States v. Winston*, 2020 WL 7342620, *1 (D.D.C. Dec. 14, 2020). In 1993, Winston murdered two rival crack cocaine dealers in the District of Columbia. *Id.*

On January 10, 1995, a federal grand jury in the United States District Court for the District of Columbia returned a sixteen-count indictment against Winston, charging him with

five counts of unlawful distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii), five counts of unlawful distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a), one count of unlawful possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(c), and five counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b). *Id.* at *2. In a related federal case, Winston was also indicted for one of the 1993 murders. *Id.* Winston was charged with the other 1993 murder in the Superior Court of the District of Columbia. *Id.*

After negotiating a deal, Winston pleaded guilty in federal District Court in February 1995 to one count of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(iii), and to one count of second-degree murder while armed, in violation of D.C. Code §§ 22-2403 & 3202. *Id.* The District Court sentenced Winston to 121 months' incarceration for his drug offense and to a consecutive 15 years to life sentence for one of the 1993 murders. *Id.* Winston then pleaded guilty in D.C. Superior Court to the other 1993 murder, also in violation of D.C. Code §§ 22-2403 & 3202. *Id.* The D.C. Superior Court sentenced Winston to another 15 years to life sentence for the second murder, which ran consecutive to the federal sentences. *Id.*

On October 20, 2003, Winston completed his 121-month federal drug sentence. *Id.* He remains incarcerated for his two second-degree murder convictions. *Id.*

Due to a miscalculation by the United States Parole Commission, an initial parole hearing was held for Winston on August 21, 2013. (Doc. 5-1, pp. 56-58). The Parole Commission denied Winston's parole application following that premature hearing and found that he "posed a more serious risk" than his parole guidelines score indicated. (*Id.* at p. 57). The Parole Commission concluded that Winston's crimes "involved unusual cruelty" because he shot two victims multiple times while they were "unarmed and vulnerable." (*Id.*). The Parole Commission also denied Winston's parole application due to his "serious negative institutional behavior" while incarcerated. (*Id.*). The Parole Commission concluded that there was "a reasonable probability [that Winston] would not obey the law if released," and that his "release would endanger the public safety." (*Id.*).

On July 29, 2014, after the Parole Commission discovered that the August 21, 2013 hearing was not timely, it voided its decision from that initial premature hearing. (Doc. 5-1, p. 59). The Parole Commission determined that the correct parole eligibility date is in March 2023. (*Id.*) Winston is scheduled to have a parole hearing on March 30, 2023. (*Id.* at p. 51).

## II. Discussion

On June 30, 1995, Winston was sentenced in the United States District Court for the District of Columbia to a 121-month term of imprisonment for unlawful distribution of five grams or more of cocaine base. (Doc. 5-1, pp. 6-8). This drug offense falls under the Violent Crime Control and Law Enforcement Act of 1994. Also on June 30, 1995, Winston

3

was sentenced in the United States District Court for the District of Columbia to a 15-year to life sentence for second-degree murder. (Doc. 5-1, pp. 13-14). The sentencing judge specifically ordered the second-degree murder sentence to run consecutively to the drug offense sentence. (*Id.* at p. 13).

The BOP prepared a sentence computation for Winston based on the 121-month term of imprisonment in his drug case, commencing on June 30, 1995, the day the sentence was imposed. (Doc. 5-1, pp. 40-41). Winston received prior custody credit from December 14, 1994 (the date of his arrest), through June 29, 1995 (the day before the federal sentence was imposed). (Doc. 5-1, pp. 16-17, 19, 40-41).

On July 12, 1995, Winston was sentenced in the Superior Court of the District of Columbia to a 15-year to life term of imprisonment for second-degree murder, consecutive to any other sentencing Winston was serving. (Doc. 5-1, p. 43). At the time this sentence was imposed, Winston was serving his 121-month term of imprisonment.

On June 15, 1999, Winston completed his General Education Development ("GED") while serving his sentence for the United States Code offense under the Violent Crime Control and Law Enforcement Act of 1994. (Doc. 5-1, pp. 46-47). At the time Winston completed his GED, he was not serving a sentence for the D.C. Code offenses. Winston contends that his GED educational good time credits should be applied to his federal sentence. (Doc. 1; Doc. 6, p. 1).

On December 17, 2003, Winston was released from service of his 121-month term of imprisonment to commence service of his two consecutive 15-year to life sentences, under the District of Columbia Good Time Credit Act of 1986. (Doc. 5-1, pp. 40-41, 63). However, at that time, the two 15-years to life sentences were not aggregated into one sentence as required by policy. Due to this erroneous calculation, an initial parole hearing was scheduled and held on August 21, 2013. (*Id.* at pp. 56-58). On September 9, 2013, the Parole Commission denied parole. (*Id.*). The Parole Commission subsequently discovered that the initial parole eligibility dated was incorrect and voided its September 9, 2013 decision. (*Id.* at p. 59). The Parole Commission recomputed Winston's sentence and determined that he may apply for a new initial hearing in March 2023 or nine months before his parole eligibility date of December 14, 2023. (*Id.*).

On September 23, 2013, the Designation and Sentence Computation Center discovered the error and updated the sentence computation into a single aggregated term of imprisonment. (Doc. 5-1, pp. 49-51). Winston's two minimum 15-year terms were aggregated into a 30-year minimum—the amount of time he must serve before being eligible for parole. (*Id.* at p. 51). After determining the parole eligibility of 30 years, the Designation and Sentence Computation Center subtracted 3600 days of statutory good time credit and subtracted 125 days of the District of Columbia Education Credit for participating in educational courses since the commencement of District of Columbia sentences. (Doc. 5-1, pp. 49-51, 53-54, 56-59, 61, 63, 65, 67). Thus, it was determined that Winston's parole

eligibility date is October 5, 2023. (*Id.* at pp. 51, 63). Because Winston earned his GED on June 15, 1999, while serving his federal sentence imposed under the Violent Crime Control and Law Enforcement Act of 1994, he is not entitled to receive additional educational credit towards his District of Columbia sentences. If he earned his GED while serving his D.C. Code sentence, he would have received additional District of Columbia Education Credit.

Pursuant to Title 18 U.S.C. § 3584(c), and Program Statement 5880.33, District of Columbia Sentence Computation Manual, "[w]hen two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the good time credits shall be applied." (Doc. 5-1, p. 65). Program Statement 5880.33 further states, in part, that both good time credits and educational good time credits "shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole." (*Id.* at p. 67). As stated, Winston's District of Columbia sentences were aggregated into a maximum life sentence, with a 30-year minimum sentence. After applying the statutory good time credits and the District of Columbia education credit, Winston's current parole eligibility date is October 5, 2023 (*see* Doc. 5-1, p. 63), and the BOP did not err in calculating his sentence.

## III. Conclusion

Based on the foregoing, the Court will deny the petition for writ of habeas corpus. (Doc. 1). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March 31, 2021